United States District Court
Southern District of Texas
**ENTERED**
July 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CASH FLOW, LLC dba FLEXENT**  § <br> *Plaintiff,* § <br> § <br> § <br> **VS.** § <br> § <br> **WHOLE STONES LLC, MEHMET** § <br> **ISMAIL KAHYAOGLU, an individual, and** § <br> **MEHMET KAHYAOGLU, an individual** § <br> § <br> *Defendants.* § | **CIVIL ACTION NO.: 4:23-cv-02913** |

## DEFAULT JUDMGENT AGAINST DEFENDANTS WHOLE STONES, LLC AND MEHMET ISMAIL KAHYAOGLU AND MEHMET KAHYAOGLU

Before the Court is the Motion for Default Judgment filed by Plaintiff Cash Flow, LLC d/b/a Flexent ("Flexent" or "Plaintiff"), against Defendants Whole Stones LLC ("Whole Stones"), Mehmet Ismail Kahyaoglu ("Kahyaoglu II"), and Mehmet Kahyaoglu ("Kahyaoglu I") (collectively, "Defendants") (Dkt. 30). Having considered Plaintiff's Motion, the record, and the relevant law, the Court finds that the Motion should be **GRANTED as to Whole Stones and Kahyaoglu II**.

### I.    BACKGROUND

Plaintiff alleges the following facts in its complaint (Dkt. 1). On or about January 23, 2023 Plaintiff and Defendant Whole Stones LLC entered into a certain "Flexent Agreement" (the "Factoring Agreement"), whereby, among other things, Plaintiff agreed to purchase eligible Accounts from Whole Stones under an agreed-upon formula. As consideration for entering into the Factoring Agreement, Defendant Mehmet Ismail Kahyaoglu unconditionally and personally guaranteed the obligations of Whole Stones LLC. Accordingly, Mehmet Ismail Kahyaoglu is liable for the full payment and performance of all existing and future indebtedness, obligations or liabilities arising under the Factoring Agreement.

Plaintiff purchased numerous accounts from Whole Stones LLC. However, multiple account debtors refused to make payment on the purchased accounts. Plaintiff demanded

repurchase and repayment from Whole Stones, as well as from guarantor-defendant Mehmet Ismail Kahyaoglu. Mehmet Kahyaoglu, as part of a conspiracy with the other Defendants, defrauded Plaintiff and is liable for resulting damages. However, Defendants refused to make payment in compliance with the Factoring Agreement. As a result, Plaintiff has asserted claims against Defendants for breach of contract, conspiracy by fraudulent misrepresentation, unjust enrichment, conversion, and civil theft.

Plaintiff served all defendants on August 23, 2023 (*see* Dkts. 10, 11, and 12), but as of the date of this motion, Defendants have been unable to retain counsel to file an Answer on behalf of Defendants. Accordingly, the Clerk of the Court granted Defendants' motion for additional time to obtain counsel (Dkt. 28) with a deadline for Defendants' attorney, or the individual defendants, to file an answer on or before April 5, 2024, but as of the date no answer has been filed on behalf of Defendants' attorney. Plaintiff now moves for default judgment against them. (Dkt. 30)

## II.     LEGAL STANDARD AND DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestad & sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Plaintiff's Motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether Plaintiff's complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, Plaintiff should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986,* 548 f. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.,* 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### a. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Linsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Whole Stones LLC, and Mehmet Ismail Kahyaoglu, an individual. Because these defendants have not filed responsive pleadings, there are no material facts in dispute. *See Nishimatsu Const. Co., Ltd. V. Hous. Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). These defendants' failures to appear and respond has ground the adversary process to a halt, prejudicing Plaintiff's interest in pursuing its claim for relief. *See J & J Sports,* 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interest.") (citation and quotation marks omitted). The grounds for default are established: Whole Stones LLC, and Mehmet Ismail Kahyaoglu, an individual, were properly served and have failed to timely file a responsive pleading. There is no indication that the default was caused by a good faith mistake or excusable neglect. Although a default judgment in this case is not insignificant—Plaintiff seeks $738,757.85 in damages and attorney's fees—the Court is not aware of any facts that would obligate it to set aside the default if challenged by Defendants Whole Stones LLC, and Mehmet Ismail Kahyaoglu, an individual. The Court therefore finds that default judgment is procedurally warranted.

### b. Sufficiency of Plaintiff's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Plaintiff's complaint establish a valid cause of action. *Nishimatsu Constr. Co.,* 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs

the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.,* 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten,* 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

Plaintiff asserts against Whole Stones LLC and Mehmet Ismail Kahyaoglu a claim for breach of contract. (Compl., Dkt. 1 at ¶ 24-27). In Texas, Plaintiff must satisfy the following elements to support its breach-of-contract claim: (1) Plaintiff and Defendants Whole Stones and Kahyaoglu II ("Contracting Defendants") entered into a valid and enforceable contract; (2) Plaintiff performed its contractual obligations; (3) Contracting Defendants breached the contract; and (4) the breach by Contracting Defendants injured Plaintiff. The requirements for a valid contract are: (1) an offer; (2) an acceptance in compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; (5) consideration; and (6) execution and delivery of the contract with the intent that it be mutual and binding. *See, e.g., Winchek v. American Exp. Travel Related*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet. h.). Plaintiff alleges as follows. Plaintiff and Defendant Whole Stones entered into the Factoring Agreement on January 23, 2023. (Compl., Dkt. 1 at ¶ 14). In consideration, Defendant Mehmet Ismail Kahyaoglu unconditionally and personally guaranteed obligations of Whole Stones. (*Id.* ¶ 15). Plaintiff performed its obligations by delivering funds to Defendants pursuant to the purchase terms of the Factoring Agreement. (*Id.* ¶¶ 18-19, 24-25). Defendants Whole Stones, LLC and Mehmet Ismail Kahyaoglu have breached the Factoring Agreement by failing to pay amounts due and owing under the Factoring Agreement and the guaranty. (*Id.* ¶ 34). Plaintiff has been damaged by failing to receive the unpaid sum. (*Id.* ¶ 27).

Plaintiff further asserts a claim of conspiracy by fraudulent misrepresentation against all

defendants, including Mehmet Kahyaoglu (collectively, the "Defrauding Defendants"). In Texas, a cause of action for fraud requires a showing that: (1) the defendants made a material representation that was false; (2) the defendants knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendants intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *CBE Grp., Inc. v. Lexington L. Firm*, 993 F.3d 346, 350 (5th Cir. 2021) (citing *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W. 3d 648, 653 (Tex. 2018)). Plaintiff supports this claim with allegations that Defrauding Defendants generated fraudulent documentation supporting amounts owed on accounts, fraudulently misrepresented the significance of said documentation, and misrepresented Flexent's rights under the Factoring Agreement (*Id.* ¶ 32); that Defrauding Defendants triple-billed Account Debtors for the same work, billed falsely under different invoice numbers (*Id.* ¶ 32); that Defrauding Defendants represented to Account Debtors that invoices were unique and separate charges, when, in fact, they were duplicate charges disguised as two different invoices with only the amounts owed differing slightly (*Id.* ¶ 33); that Defrauding Defendants made false statements of fact to Plaintiff, by creating the fraudulent accounts, for the purpose of inducing Plaintiff to pay money to the Defrauding Defendants (*Id.* ¶ 33); conspired to take the foregoing actions. (*Id.* ¶ 33). Plaintiff further alleges that each of the Defrauding Defendants knew of the falsity of the above representations at the time they were made by each of the Defendants, that the Defrauding Defendants did so intentionally, and that Plaintiff was damaged as a result of these actions. (*Id.* ¶ 34). The allegations are sufficient to support default judgment on the claim of conspiracy to commit fraudulent misrepresentation.

Plaintiff further asserts a claim of unjust enrichment against Defendants. In Texas, Plaintiff must allege the following to support default judgment on its claim for unjust enrichment: that Defendants have wrongfully secured a benefit or have passively received one which it would be unconscionable to retain, such that the Defendants are unjustly enriched when they obtain a benefit from Plaintiff by fraud, duress, or the taking of an undue advantage. *See Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Tex. Integrated*

*Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex.App.—Dallas 2009, pet. denied); *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992)). The allegations discussed above in support of Plaintiff's breach-of-contract and fraud claims, are sufficient to support Plaintiff's claim of unjust enrichment.

Lastly, Plaintiff asserts claims against all Defendants of conversion and civil theft. In Texas, default judgment on a claim of conversion requires allegations that: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for return of the property. *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386-387 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971)). Similarly, default judgment on a claim of for civil theft under the Texas Theft Liability Act requires a showing that a defendant has committed theft under the Texas Penal Code. *See* Tex. Civ. Prac. & Rem. Code §§ 134.002(2), 134.003, and 134.005. In turn, a showing of theft requires a showing that: (1) an appropriation of property by the defendant; (2) that is unlawful; and (3) is committed with the intent to deprive the owner of the property. *See Lowrey v. State*, 469 S.W.3d 318, 329 (Tex. App.—Texarkana 2015 (pet. denied) (citing Tex. Penal Code § 31.03(a)). In conjunction with Plaintiff's allegation that the accounts purchased by Plaintiff were the sole and exclusive property of Plaintiff, and that none of the Defendants retained any legal or equitable interest therein, the allegations discussed above in support of Plaintiff's breach-of-contract and fraud claims, are sufficient to support Plaintiff's claims for conversion and civil theft.

Plaintiff has supported these allegations with a copy of the Factoring Agreement with Whole Stones LLC, as well as the personal guaranty of Mehmet Ismail Kahyaoglu, a copy of the Notice of Assignment, and records of the invoices for the subject accounts. (Dkts. 1-1, 1-2, & 1-3). These allegations are enough to raise Plaintiff's right to relief above a speculative level. *Wooten,* 788 F.3d at 498. Default judgment is substantively warranted.

### c. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

In its complaint, Plaintiff seeks damages for the unpaid balance in the amount of $738,757.85. (Compl., Dkt. 1, ¶ 45). It supports that allegation with its business records affidavit of Kevin Wood, a copy of the Factoring Agreement, a copy of accounting under the Factoring Agreement. (Dkts. 30-1, 30-2, 30-3). It also seeks to recover its attorney's fees and costs incurred in this litigation to recover for Defendants Whole Stones LLC, Mehmet Ismail Kayhaoglu, an individual, and Mehmet Kahyaoglu, an individual, based on its claims for breach of contract, fraud, and civil theft. (Compl., Dkt. 1 ¶ 46). Those attorney's fees equal $131,336.80 and costs of $20,938.06. (Hall Decl., Dkt. 30-5, at 2).

Plaintiff's damages can be calculated with certainty solely by reference to its payment records, as supported by the business records affidavit and updated accounting. (Subject Account Invoices, Dkt. 1-4, 30-1, 30-4). Those records establish that the outstanding balance is $738,757.85. (*Id.*).

Plaintiff's reasonable attorney's fees and costs can also be calculated with certainty solely by reference to its counsel's Declaration in Support of Attorneys' Fees and accompanying billing records. (Dkt. 30-5). The Fifth Circuit has described the procedure and standard for determining

attorney's fees as "a two-step process. First the court calculates the 'lodestar' which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)." *Smith v. Acevedo,* 478 Fed. App'x. 116, 124 (5th Cir. 2012) (citation omitted). The *Johnson* factors are the (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

In its motion for default judgment, Plaintiff asks for $131,336.80 in attorney's fees and costs of $20,938.06 (Dkt. 30-5). Plaintiff's counsel filed as evidence a declaration in which he states that he agreed to represent Plaintiff for $565.00 an hour for partners and senior associates and $510.00 an hour for work performed by associates that such fees are customary. (Hall Decl., Dkt. 30-5). Having considered the *Johnson* factors as applied to this action, the Court is satisfied that the requested attorney's fees are reasonable and declines to adjust them.

### III. CONCLUSION

For the reasons explained above, **IT IS ORDERED** that Plaintiff's Motion for Default Judgement (Dkt. 30), is **GRANTED as to Whole Stones and Kahyaoglu II.**

**IT IS FURTHER ORDERED** that the material allegations of the Original Complaint be and are deemed admitted as to Defendants Whole Stones, LLC and Mehmet Ismail Kahyaoglu, an individual.

**IT IS FURTHER ORDERED** that Plaintiff recover from Defendants Whole Stones LLC and Mehmet Ismail Kahyaoglu, an individual, jointly and severally, default judgement for the outstanding balance of $738,757.85 pursuant to the Factoring Agreement. Post-judgment interest

shall accrue on the judgment per annum at the current rate of 5% from the date of judgment until paid in full, to be compounded annually pursuant to the provisions of Texas Financial Code § 304.003(c)(1).

**IT IS FURTHER ORDERED** that the Court finds Plaintiff's request for attorney's fees and costs to be reasonable and that Defendants must pay Plaintiff attorney's fees in the amount of one-hundred thirty one thousand, three hundred, thirty-six dollars and eighty cents ($131,336.80) and costs of twenty thousand, nine hundred thirty-eight and six cents. ($20,938.06).

**IT IS FURTHER ORDERED** that Plaintiff's request for pre-judgement interest on the amounts determined above is **GRANTED** at the current rate of 5%.

**IT IS FURTHER ORDERED** that all writs and process necessary for the enforcement of this judgment shall issue.

**IT IS FINALLY ORDERED** that this judgment fully and finally resolves all claims between Plaintiff and Defendants Whole Stones LLC and Mehmet Ismail Kahyaoglu, and individual. All relief requested not herein granted is denied.

DATED: July __16__, 2024.

By: _____George C. Hanks Jr._____
Hon. George C. Hanks, Jr.